**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **ZORAIDA RODRIGUEZ** | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : |
| **JANE WILLIAMSON BROWN** and | : |
| **LESLIE RINEHART MILLER** as Joint | : |
| Executors of the Estate of **JAMES DAVID** | : |
| **WILLIAMSON** and **RINEHART** | : |
| **& SONS FUNERAL HOME, INC.** | : |
| | : |
| Defendants. | : |
| | : |

CIVIL ACTION NO. _2:18-cv-138_

**ORIGINAL COMPLAINT
FOR DAMAGES**

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, ZORAIDA RODRIGUEZ, by and through undersigned

counsel of record, and files this Complaint for Damages and respectfully shows:

### I. PRELIMINARY MATTERS

1.

Plaintiffs herein assert the bases for subject matter jurisdiction, venue, and choice of law.

### I.A. SUBJECT MATTER JURISDICTION

2.

This Court has subject matter jurisdiction over the above-captioned case pursuant to 28

U.S.C. § 1332(a)(1).

3.

Plaintiff hereby pleads that she is a citizen of the State of Florida.

4.

The Defendants JANE WILLIAMSON BROWN and LESLIE RINEHART MILLER are the Joint Executors of the Estate of JAMES DAVID WILLIAMSON. They both reside in Wayne County, Georgia and are citizens of the State of Georgia.

5.

Defendant RINEHART & SONS FUNERAL HOME, INC. is a Domestic Profit Corporation located in Wayne County, Georgia.

6.

There is complete diversity among the Plaintiffs and the Defendants.

7.

The amount in controversy, as pled in this Complaint for Damages, exceeds $75,000.00.

8.

This Honorable Court has subject matter jurisdiction over the present case.

**I.B. VENUE**

9.

The Southern District of Georgia, Brunswick Division, is the proper venue for the above-captioned case pursuant to 28 U.S.C. § 1391(b)(2).

10.

The "events or omissions giving rise to the claim[s]" asserted by the Plaintiffs in the above-captioned case occurred in Wayne County, Georgia, which is in the Southern District of Georgia, Macon Division. 28 U.S.C. § 1391(b)(2).

11.

The Southern District of Georgia, Brunswick Division is the proper venue for this action.

## I.C. APPLICABLE LAW

12.

Pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), this Honorable Court is to apply the substantive law of the State of Georgia.

13.

Pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), this Honorable Court is to apply the procedural and evidentiary law of the United States.

## II. GENERAL FACTS COMMON TO ALL COUNTS

14.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

## II.A. PARTIES AND VEHICLES

15.

That on or about December 2, 2016 at approximately 10:20 AM, on Georgia Highway 27 at or near Sunset Boulevard in Jessup, Georgia, JAMES WILLIAMSON was operating a vehicle.

16.

At all times relevant to this Complaint for Damages, the vehicle operated by JAMES WILLIAMSON was and is owned by RINEHART & SONS FUNERAL HOME, INC.

17.

At the same time and location, the plaintiff was operating a vehicle.

18.

At all times relevant to this complaint for damages the Plaintiff was operating Plaintiff's

vehicle reasonably and prudently.

19.

At the same time and location pled in this Complaint for Damages, JAMES

WILLIAMSON:

a.   failed to obey a traffic control device, in violation of O.C.G.A. § 40-6-20;
b.   failed to maintain lane, in violation of O.C.G.A. § 40-6-48;
c.   followed more closely than is reasonable or prudent, in violation of O.C.G.A. § 40-6-49;
d.   failed to yield the right of way to the Plaintiff, in violation of O.C.G.A. § 40-6-71;
e.   failed to make a proper stop, in violation of  O.C.G.A. § 40-6-72;
f.   failed to properly signal Defendant's maneuver, in violation of O.C.G.A. § 40-6-124;
g.   operated a vehicle with a reckless disregard for the safety of persons or property, in violation of O.C.G.A. § 40-6-390;
h.   failed to obey the Uniform Rules of the Road of the State of Georgia; or,
i.   operated Defendant's vehicle in a fashion that was not reasonable or prudent under the circumstances.

20.

The aforementioned conditions pled in this Complaint for Damages actually and

proximately caused a collision wherein the vehicle being operated by JAMES WILLIAMSON

unlawfully struck the vehicle the Plaintiff was operating.

## II.B. INJURIES AND DAMAGES

21.

As a proximate and foreseeable result of the aforementioned collision, the plaintiff

suffered serious injuries.

22.

As a proximate and foreseeable result of the aforementioned injuries, the Plaintiff has

incurred medical expenses in excess of $ 22,866.60 and lost wages in excess of $1.00.

23.

As a proximate and foreseeable result of the aforementioned collision, the Plaintiff, in

addition to the damages pled in this complaint for damages, has and will suffer pain and

suffering.

### III. COUNT I: NEGLIGENCE AS TO JANE WILLIAMSON BROWN AND LESLIE RINEHART MILLER

24.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

25.

Defendant JAMES WILLIAMSON had a duty to operate Defendant's vehicle in a

reasonable and prudent fashion.

26.

Defendant JAMES WILLIAMSON breached the aforementioned duty on or about

December 2, 2016 by operating a vehicle in the fashion pled in this Complaint for Damages.

27.

Defendant JAMES WILLIAMSON's breach of duty actually and proximately caused the

injuries pled by plaintiff in this Complaint for Damages.

28.

As a reasonable and foreseeable result of Defendant JAMES WILLIAMSON's breach of

duty, plaintiff has incurred damages as pled in this Complaint for Damages.

29.

Plaintiff has a cause of action against defendants JANE WILLIAMSON BROWN and LESLIE RINEHART MILLER, as the Executors of the Estate of JAMES WILLIAMSON for negligence.

30.

Plaintiff is entitled to recover from Defendant  JANE WILLIAMSON BROWN and LESLIE RINEHART MILLER for Plaintiff's  past and future medical expenses, past and future lost wages, and past and future pain and suffering.

## IV. COUNT II: NEGLIGENT ENTRUSTMENT AS TO RINEHART & SONS FUNERAL HOME, INC.

31.

Plaintiff hereby incorporates all previous paragraphs of this Complaint.

32.

Defendant RINEHART & SONS FUNERAL HOME, INC., on or before December 2, 2016, had actual knowledge that Defendant JAMES WILLIAMSON lacked the ability to safely operate a vehicle.

33.

As a result of the aforementioned knowledge, Defendant RINEHART & SONS FUNERAL HOME, INC. had a duty not to entrust a vehicle to Defendant JAMES WILLIAMSON.

34.

On or before December 2, 2016, Defendant RINEHART & SONS FUNERAL HOME, INC. breached the aforementioned duty by entrusting a vehicle to JAMES WILLIAMSON.

35.

As a proximate and foreseeable result of the Defendant RINEHART & SONS FUNERAL HOME, INC.'s breach of duty, the Plaintiff sustained injuries as pled in this Complaint for Damages.

36.

As a proximate and foreseeable result of the Plaintiff's injuries, the Plaintiff has incurred damages as pled in this Complaint for Damages.

37.

 Plaintiff has a cause of action against Defendant RINEHART & SONS FUNERAL HOME, INC. for negligent entrustment.

38.

Plaintiff is entitled to recover from Defendant RINEHART & SONS FUNERAL HOME, INC.  for Plaintiff's damages as pled in this Complaint for Damages.

## V. COUNT III: REPONDEAT SUPERIOR AS TO RINEHART & SONS FUNERAL HOME, INC.

39.

Plaintiff hereby incorporates all previous paragraphs of this Complaint.

40.

Defendant JAMES WILLIAMSON at all times relevant to this Complaint for Damages is or was the employee and/or  agent of Defendant RINEHART & SONS FUNERAL HOME, INC.

41.

At all times relevant to this Complaint, Defendant, JAMES WILLIAMSON, was acting within the scope of his employment or agency relationship with Defendant RINEHART & SONS

FUNERAL HOME, INC.

42.

Defendant RINEHART & SONS FUNERAL HOME, INC. is liable to Plaintiff for all damages sustained as a result of the negligence of Defendant JAMES WILLIAMSON under a theory of respondeat superior.

43.

Plaintiff is entitled to recover from Defendant RINEHART & SONS FUNERAL HOME, INC.. for Plaintiff's Damages as pled in this Complaint for Damages.

## VI. COUNT IV: PUNITIVE DAMAGES AS DEFENDANT  RINEHART & SONS FUNERAL HOME, INC.

130.

Plaintiff hereby incorporates all previous paragraphs of this Complaint.

131.

Defendant  RINEHART & SONS FUNERAL HOME, INC. was grossly negligent, willful, wanton, and reckless in that  RINEHART & SONS FUNERAL HOME, INC. entrusted the subject vehicle to the JAMES WILLIAMSON while knowing that his past propensity to cause serious motor vehicle collisions as a result of a wanton disregard for the safety of others while operating a motor vehicle.

132.

Plaintiff respectfully requests that this court award a judgment in an amount in excess of $100,000.00, to be determined by the enlightened conscience of a fair and impartial jury, from the Defendant  RINEHART & SONS FUNERAL HOME, INC. for its grossly negligent, willful, and reckless conduct to the Plaintiff.

WHEREFORE, the Plaintiff prays that:

a.   Summons be issued as to the Defendant(s);

b.   that the Defendant(s) be called to answer this Complaint for Damages;

c.   that a trial be held on all issues so triable;

d.   that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;

e.   that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);

f.   that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,

g.   such further relief as this Court determines is adequate and just.

This 16 day of November 2018.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com